UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
———————————————————————

JAMES DEFERIO,

                Plaintiff,

    v.

CITY OF ITHACA; EDWARD VALLELY,
individually and in his official capacity as Chief
of Police for the City of Ithaca; J. NELSON,
individually and in his official capacity as a
police officer for the City of Ithaca police
department; SCOTT GARIN, individually and
in his official capacity as a police officer for the
City of Ithaca police department; A.
NAVARRO, individually and in his official
capacity as a police officer for the City of Ithaca
police department; and RICHARD NIEMI,
individually and in his official capacity as a
police officer for the City of Ithaca police
department,

                Defendants.
———————————————————————

CIVIL ACTION NO.:_____


VERIFIED COMPLAINT FOR
CIVIL RIGHTS PURSUANT TO 42
U.S.C. § 1983

## INTRODUCTION

1.      This is a civil rights action challenging city ordinances and policy, on their face and as applied, that prohibit noise heard 25 feet from its source in the City of Ithaca. These precise ordinances and policy of City of Ithaca have already been declared unconstitutional by the Unites States Court of Appeals for the Second Circuit and enjoined by this Court in *Deegan v. City of Ithaca, et al*. The continued use and enforcement of the unconstitutional twenty-five foot ban--despite this Court's Order and Injunction--prevents James Deferio from communicating his religious beliefs in Ithaca, New York.

2.      Plaintiff James Deferio seeks injunctive relief, declaratory relief, nominal

1

damages, and punitive damages, pursuant to 42 U.S.C. §§ 1983 and 1988, against Defendants City of Ithaca, Edward Vallely, individually and in his official capacity as Chief of Police of the City of Ithaca, J. Nelson, individually and in his official capacity as a police officer for the City of Ithaca police department, Scott Garin, individually and in his official capacity as a police officer for the City of Ithaca police department, A. Navarro, individually and in his official capacity as a police officer for the City of Ithaca police department, and Richard Niemi, individually and in his official capacity as a police officer for the City of Ithaca police department.

3.     This action is premised on the United States Constitution involving the denial by Defendants of Plaintiff James Deferio's fundamental rights to free speech and due process.

4.     Defendants' policy and actions have already deprived Plaintiff of his paramount rights and guarantees provided under the United States Constitution, and will continue to do so until relief is secured.

5.     Each and every act of Defendants alleged was committed by Defendants, each and every one of them, under the color of state law and municipal authority.

## JURISDICTION AND VENUE

6.     This action raises federal questions under the United States Constitution, namely, the First and Fourteenth Amendments, and under federal law, 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. §§ 1983 and 1988.

7.     This Court has original jurisdiction over the federal claims by operation of 28 U.S.C. §§ 1331 and 1343.

8.     This Court has authority to grant the requested injunctive relief under 28 U.S.C. § 1343(3), the requested declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Plaintiff's

prayer for costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

9.      Venue is proper in the Northern District of New York pursuant to 28 U.S.C. §1391(b), because the claims arise in this district and Defendants reside in this district.

## PLAINTIFF

10.     Plaintiff James Deferio ("Deferio") is a resident of Syracuse, New York.

## DEFENDANTS

11.     Defendant City of Ithaca ("Ithaca") is a municipal authority, a subdivision of the State of New York.

12.     Defendant Edward Vallely ("Chief Vallely") is Chief of Police of the Ithaca police department. In his official capacity, Chief Vallely is responsible for the enforcement of Ithaca's laws and ordinances and for training Ithaca police officers in the enforcement of those laws and ordinances. Chief Vallely is sued in his individual and official capacities.

13.     Defendant J. Nelson ("Officer Nelson") is a police officer with the Ithaca police department. In his official capacity, he enforces the laws and ordinances pertaining to Ithaca. Officer Nelson is sued in both his official and individual capacities.

14.     Defendant Scott Garin ("Officer Garin") is a police officer with the Ithaca police department. In his official capacity, he enforces the laws and ordinances pertaining to Ithaca. Officer Garin is sued in both his official and individual capacities.

15.     Defendant A. Navarro ("Officer Navarro") is a police officer with the Ithaca police department. In his official capacity, he enforces the laws and ordinances pertaining to Ithaca. Officer Navarro is sued in both his official and individual capacities.

16.     Defendant Richard Niemi ("Officer Niemi") is a police officer with the Ithaca

police department. In his official capacity, he enforces the laws and ordinances pertaining to Ithaca. Officer Niemi is sued in both his official and individual capacities.

## FACTS

17.     Deferio is a professing evangelical Christian and a traveling evangelist for his religious beliefs. As a tenet of his faith, Deferio believes he is discharging a religious duty by publicly proclaiming and communicating his faith and convictions to others.

18.     Accordingly, Deferio travels to public open areas and sidewalks for the purpose of sharing his Christian message.

19.     In sharing his message, Deferio likes to preach, that is, speak with a raised voice, about his Christian beliefs. He preaches so his message can be heard.  Also, his preaching helps facilitate dialogue with others.

20.     Deferio witnesses to others about the benefits of his faith. He also addresses current social and political topics from his particular religious perspective.

21.     Deferio does not seek monetary gain from his expressive activity. He does not try to sell products or services. He does not ask for money. Nor does he elicit signatures or membership to any organization. He merely wants others to be exposed to his Christian beliefs and have discussion about these beliefs.

22.     Deferio has no intent to physically touch or harass anyone, or encourage violence, or express himself in any way other than in a peaceful manner. He has no intention of forcing anyone to listen to him; nor does he have any intention of impeding pedestrian traffic.

23.     In furtherance of his Christian beliefs, Deferio wishes to convey his message in public areas, sidewalks, streets, and parks in Ithaca, particularly, a public area known as Ithaca

Commons.

24.     Ithaca Commons (also known as "Commons") is a uniquely public area that is used as a pedestrian mall.  Businesses, shops, and outdoor restaurants are in the vicinity. The Commons is frequented by pedestrians as a gathering place, and is often subject to much commotion and noise.

25.     Booths are frequently set up in Ithaca Commons for the purpose of communicating different messages.  And, from time to time, the area allows for speakers, politicians, singers and musicians.

26.     Deferio is familiar and well-acquainted with a gentleman named Kevin Deegan ("Deegan"). Deegan is also a traveling evangelist who espouses Christian beliefs similar to Deferio's beliefs.

27.     Deegan visited Ithaca Commons in 1999 to express his religious beliefs via preaching. Shortly thereafter, Deegan was stopped by an Ithaca police officer who told Deegan that his preaching was too loud. Specifically, Deegan was stopped because of Ithaca ordinances and policy that prohibit noise that can be heard 25 feet from the source.

28.     This particular policy and practice--banning all noise heard 25 feet away from the source--inhibited Deegan from expressing his religious message. So as to obtain relief, Deegan brought suit in this Court, the Northern District of New York, to prevent enforcement of Ithaca's policy of banning noise that can be heard 25 feet away from the source. This matter went up on appeal to the Court of Appeals for the Second Circuit, and the appellate court, in *Deegan v. City of Ithaca*, 444 F.3d 135 (2d Cir. 2006), ruled that Ithaca's 25-foot noise rule violated the First and Fourteenth Amendments.

29.     Following the Second Circuit opinion and mandate, Deegan obtained a civil judgment against Ithaca and Ithaca officials from this very Court, entered on December 14, 2006. This civil judgment, among other things, permanently enjoined Ithaca and its officials from "enforcing and/or applying City of Ithaca Municipal Code 240-4 and 157-18 so as to preclude legally protected speech that can be heard at a distance of twenty-five feet on public streets, sidewalks or ways, in the City of Ithaca…"

30.     Deferio was aware of the outcome of Deegan's court case. In light of the permanent injunction, Deferio expected that Ithaca would no longer enforce its 25-foot noise rule.

31.     Thus, on August 5, 2008, Deferio went to the Ithaca Commons area in order to express his religious beliefs.

32.     Once he positioned himself in the Commons, Deferio began to preach. Per his custom, Deferio recorded his speech there.

33.     Subsequently, an Ithaca police officer, Officer Nelson, approached Deferio and told him to stop speaking because he was shouting and annoying people. Officer Nelson elaborated that an Ithaca ordinance prohibits noise that could be heard 25 feet away. Officer Nelson further explained that Deferio would have to lower his voice or stop speaking, because his voice could be heard 25 feet away.

34.     In response, Deferio told Officer Nelson that he would try to speak in a way that would not violate the noise ordinance. Officer Nelson then left, and Deferio attempted to speak about his religious beliefs.

35.     Deferio lowered his voice, and shortly thereafter, a woman walking on a sidewalk

6

approximately thirty feet away from Deferio yelled that she could not hear him. The woman advised Deferio that he needed a microphone to be heard.  In an attempt to address her, Deferio raised his voice.

36.     Following this exchange, another Ithaca police officer, Officer Garin, approached Deferio and ordered Deferio to once again lower his voice. Officer Garin warned: "[If] you are being heard 25 feet from the source and get a complaint, you are in violation." Deferio tried to explain to Officer Garin that a lawsuit involving Deegan had already settled this exact issue, but Officer Garin demanded that Deferio comply with the 25-foot noise rule.

37.     Deferio offered that he would try to comply with the rule. Officer Garin then left.

38.     Deferio attempted to comply with the 25-foot noise rule, but it was useless. Because he could hardly be heard, his message was substantially hindered. Fearing that he would receive a citation or be arrested for violating the 25-foot noise rule, Deferio left the Ithaca Commons area.

39.     Deferio informed Deegan about the incident involving the Ithaca police officers on August 5, 2008, and the invocation of the 25-foot noise rule.

40.     On August 9, 2008, Deferio goes out again to Ithaca Commons in order to express his religious beliefs. But this time, he brings Deegan with him.  Deferio believed that Deegan's presence would assure him of having a right to speak in the area.

41.     Upon arrival, Deferio began to preach to those in the Commons area.

42.     At approximately 3:47 p.m., Deferio and Deegan were approached by two Ithaca Police Officers, Officer Navarro and Officer Niemi. The police officers stopped Deferio's

preaching.

43.     Deegan then stepped forward and talked with the two officers about their concerns. During this conversation, Deferio stood close by, listened, and recorded the conversation.

44.     Officer Navarro asked Deegan if they had a noise permit, and Deegan informed that they did not. Officer Navarro then informed that because they did not have a noise permit, a specific noise ordinance applied to them, and it regulated their volume.

45.     Officer Navarro explained how the 25-foot noise rule works: "The way we gauge it is by 25 feet from the source of the noise. If we could still hear the noise 25 feet from the source, then it's a violation of the noise ordinance." Officer Navarro then issued Deegan and Deferio a warning for violating the 25-foot noise rule.

46.     Deegan then asked Officer Navarro if he was aware of the Order issued by Judge Mordue in the Northern District of New York. Officer Navarro said he was not aware of the Order.  Deegan, then, showed Officer Navarro a copy of the civil judgment entered in favor of Deegan against the City of Ithaca, and explained how the Order precluded Ithaca from enforcing its 25-foot noise rule.

47.     Officer Navarro disregarded the Order, commenting that it named two people who no longer worked for Ithaca. Officer Navarro then confirmed that Deegan and Deferio would receive a citation if they continued to violate the 25-foot noise rule.

48.     Deegan pointed out that the City of Ithaca was enjoined in the Order, not just certain Ithaca officials. Deegan asked Officer Navarro if he was willing to disobey a court order issued by a federal judge. Officer Navarro responded that "as far as I know you could have

8

written that up on your home computer."

49.     Officer Navarro dismissed the Order as irrelevant and proceeded to issue Deferio and Deegan a warning for violating the 25-foot noise rule.

50.     As a result of this conversation between Officer Navarro and Deegan, and the other actions of the Ithaca police officers, Deferio refrained from engaging in any further expressive activity in the Ithaca Commons area for fear of citation and of arrest. He and Deegan immediately left the area.

51.     Deferio cannot adequately express his religious beliefs because of the 25-foot noise rule.  The 25-foot noise rule forces Deferio to speak so quietly that his message is not discernable. Therefore, Deferio has not returned to the Ithaca Commons area to share his message.

52.     Deferio persists in his desire to convey his Christian message in Ithaca. He wants to go to public ways, sidewalks, and parks (including the Ithaca Commons area) and preach. In fact, Deferio wishes to return to Ithaca Commons to speak as soon as possible, but he is chilled and deterred from expressing his message anywhere in Ithaca for fear of citation and/or arrest.

53.     Deferio is greatly disturbed that Ithaca police officers would expressly violate a court order. Because of the past actions of the Ithaca police officers, Deferio is afraid that the police officers will continue to violate the Order by continuing to enforce the 25-foot noise rule against him.

54.     Both of the ordinances challenged in *Deegan* have remained substantially intact. The challenged portion of § 240-4 reads exactly the same as it did before the *Deegan* action. Section 157-18 has changed number; it is now § 157-8. But the verbiage of the law has not been altered.

9

55.     Despite the binding opinion of Court of Appeals for the Second Circuit, and the binding Order of this Court, Ithaca has refused to repeal or amend its unconstitutional ordinances so as to discontinue application of the 25-foot noise rule.  The continued application of the 25-foot noise rule reflects a willful and evil intent to violate constitutional rights.  At the very least, this action reflects a reckless or callous indifference to federally protected rights.

56.     The pattern of Ithaca police officers, as demonstrated by the separate actions by four different police officers on three different occasions, demonstrates an utter failure on the part of Ithaca and Chief Vallely to adequately train and educate Ithaca police officers regarding a binding opinion of the Court of Appeals for the Second Circuit, and binding Order of this Court. This failure further demonstrates a willful and evil intent to violate the constitutional rights of Deferio. At the very least, the failure to train the Ithaca police officers shows a reckless or callous indifference to the federally protected rights of Deferio.

57.     Moreover, the repeated refusal of Ithaca police officers, on separate occasions, to abide by a federal order and judgment, even when made aware of it, and provided a copy of it, demonstrates a willful and evil intent to violate the constitutional rights of Deferio. At the very least, the actions of Ithaca police officers demonstrate a reckless or callous indifference to the federally protected rights of Deferio.

58.     The impact of chilling and deterring Deferio's speech constitutes irreparable harm to Deferio.

59.     Deferio does not have an adequate remedy at law for the loss of his constitutional rights.

## **FIRST CAUSE OF ACTION**

**Violation of the Free Speech Clause**

60.     Deferio's religious speech is protected speech under the First Amendment.

61.     Defendants' ordinances, policy and practice that prohibit noise from being heard 25 feet away from the source, and enforcement thereof, including, but not limited to, City of Ithaca Municipal Code §§ 240-4 and 157-8:

      a.     are vague and overbroad;

      b.     single out religious speech for discriminatory treatment;

      c.     discriminate against speech because of its content;

      d.     discriminate against speech on the basis of the speaker's viewpoint;

      e.     restrain constitutionally protected speech in advance of its expression, without appropriate guidelines or standards to guide the discretion of officials charged with enforcing the policy;

      f.     chill the free speech and free exercise of religion of Deferio and of other citizens;

      g.     allow the exercise of unbridled discretion;

      h.     lack narrow tailoring, fail to achieve any legitimate government purpose, and fail to leave open alternative avenues for expression; and

      i.     improperly prohibit speech because it is considered "offensive" by others.

62.     Defendants have no legitimate reason for their continued restriction on pure speech through the 25-foot noise rule.

63.     Defendants' ordinances, policy and practice, and the enforcement thereof, thus violate the Free Speech Clause of the First Amendment to the United States Constitution, made

applicable to the states through the Fourteenth Amendment.

WHEREFORE, Deferio respectfully prays the Court grant the equitable and legal relief set forth in the Prayer for Relief.

## SECOND CAUSE OF ACTION

### Violation of the Due Process Clause

64.     Defendants' ordinances and policy that prohibit noise that can be heard 25 feet away from the source, including but not limited to City of Ithaca Municipal Code §§ 240-4 and 157-8, are vague and lack sufficient objective standards to curtail the discretion of officials. This allows Defendants ample opportunity to enforce the policies in an *ad hoc*, arbitrary, and discriminatory manner.

65.     Defendants have no legitimate reason that can justify their vague ordinances and policy.

66.     The ordinances and policy, and Defendants' enforcement thereof, violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Deferio respectfully prays the Court grant the equitable and legal relief set forth hereinafter in the prayer for relief.

## PRAYER FOR RELIEF

WHEREFORE, Deferio respectfully requests the following relief:

A.     That this Court enter a declaratory judgment stating that Ithaca's policy and practice of prohibiting noise that can be heard 25 feet away from the source, and the underlying ordinances, City of Ithaca Municipal Code §§ 240-4 and 157-8, are facially unconstitutional and violative of James Deferio's rights as guaranteed under the First and Fourteenth Amendments to

the United States Constitution;

B.      That this Court enter a declaratory judgment stating that Ithaca's policy and practice of prohibiting noise that can be heard 25 feet away from the source, and the underlying ordinances, City of Ithaca Municipal Code §§ 240-4 and 157-8, are unconstitutional as interpreted and applied to Plaintiff James Deferio's religious speech and violative of his rights as guaranteed under the First and Fourteenth Amendments to the United States Constitution;

C.      That this Court enter a preliminary and permanent injunction enjoining Defendants, their agents, officials, servants, employees, and all persons in active concert or participation with them, or any of them, from applying and enforcing Ithaca's policy and practice of prohibiting noise that can be heard 25 feet away from the source, and the underlying ordinances,  City of Ithaca Municipal Code §§ 240-4 and 157-8, or any other policy or ordinance that serves this same purpose of restricting constitutionally-protected speech in Ithaca;

D.      Adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment;

E.      That this Court award Plaintiff James Deferio nominal damages arising from the acts of the Defendants as an important vindication of the constitutional rights;

F.      That this Court award Plaintiff James Deferio punitive damages arising from the acts of the Defendants;

G.      That this Court award Plaintiff James Deferio his costs and expenses of this action, including reasonable attorneys' fees, in accordance with 42 U.S.C. § 1988 and other applicable law; and

H.    That this Court grant such other and further relief as this Court deems equitable and just.

## VERIFICATION OF COMPLAINT

I, James Deferio, a citizen of the United States and a resident of Syracuse, NY, hereby declare that I have read the foregoing Verified Complaint and the factual allegations therein, and the facts as alleged therein are true and correct.

_____
JAMES DEFERIO

STATE OF New York
COUNTY OF Onondaga

On this 15th day of October, 2008, before me, a Notary Public of the State and County aforesaid, personally appeared James Deferio, to me known (or proved to me on the basis of satisfactory evidence), and who, upon oath, acknowledged that he executed the foregoing instrument for the purpose therein contained.

_____
Notary Public

My Commission Expires:
July 16, 2011

TASHIMA M. FORNEY
No. 01FO6171027
Notary Public, State of New York
Qualified in Onondaga County
My Commission Expires July 16, 2011

14

Respectfully submitted,

BENJAMIN W. BULL *(of counsel)*
AZ Bar # 009940
Alliance Defense Fund
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020 telephone
(480) 444-0028 fax

ROBERT E. GENANT
NDNY Bar Roll#: 105257
Genant Law Office
3306 Main Street
P.O. Box 480
Mexico, NY 13114
(315) 963-7296 telephone
(315) 963-8274 fax

Attorneys for Plaintiff

NATHAN W. KELLUM
NDNY Bar Roll#:   302459
TN BAR #13482; MS BAR # 8813
JONATHAN SCRUGGS
TN Bar # 025679
Alliance Defense Fund
699 Oakleaf Office Lane, Suite107
Memphis, TN 38117
(901) 684-5485 telephone
(901) 684-5499 fax

Attorneys for Plaintiff

15